UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| ARMANDO HERNANDEZ, Institutional ID No. 1775932, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 6:12-CV-031-BL |
| TODD ALLEN, et al, | § § § § | ECF |
| Defendants. | § | Assigned to U. S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff, previously confined to the Tom Green County jail, and currently confined to the Lindsey State Jail in Jackboro, Texas, is proceeding *pro se* and *in forma pauperis*. He filed a complaint under 42 U.S.C. § 1983 on May 8, 2012 (Doc. 1). Plaintiff indicated his consent to proceed before the United States magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 4). This case was reassigned to the United States magistrate judge on January 10, 2013 (Doc. 9).

Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's Complaint.

### I. BACKGROUND

In his Complaint, as supplemented by his testimony, Plaintiff claims that:

1. During all times relevant to the claims, Plaintiff was confined to Tom Green County Jail. Plaintiff is currently at the Lindsey State Jail.

2. While at the Tom Green County Jail, Plaintiff was verbally threatened by Officer Powel.

3. Plaintiff filed a grievance. Officer Flores investigated the grievance. Plaintiff told Flores that he wanted Officer Powel disciplined and sanctioned. Flores suggested that Plaintiff have an extra hour of recreation. Plaintiff refused and indicated that he wanted to appeal the grievance to the Sheriff.

4. Plaintiff was later transferred to the custody of the Texas Department of Criminal Justice - Institutional Division "TDCJ"and assigned to the Lindsey State Jail.

5. Plaintiff believes that Flores essentially tried to bribe him with the extra hour of recreation time, and that nothing was done about his grievance as he was scheduled to move to a TDCJ institution.

Plaintiff is seeking injunctive relief and an award of damages.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). A "complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C.

§ 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and claims in his to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

**A.     Verbal Threat Claim**

Plaintiff alleges that once when Officer Powel and Officer Turner were performing the head count in his dorm, Plaintiff asked Powel about giving him a state-issued shirt. Powel told Plaintiff that whatever was in his box, was in his box. Plaintiff asked if Powel would give him a shirt because his housing had been moved. Powel got angry and swore at Plaintiff and threatened to beat Plaintiff the next time he was in lockdown.

Plaintiff alleges that he was scared and experienced fear, pressing the emergency button, and seeking a ranking officer. Officer Turner told Plaintiff to wait for a ranking officer, and, if one did not come, to file a grievance.

Some fifteen days later, Officer Flores came to speak with Plaintiff about the grievance. Flores did not resolve the grievance to Plaintiff's satisfaction. He offered Plaintiff an extra hour of recreation. Plaintiff was not able to pursue the grievance further before being transferred.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

The "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quoting *Coyle v. Hughes*, 436 F.Supp. 591, 593 (D.C. Okl. 1977)). Verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir.1993). Plaintiff's factual allegations, accepted as true, fail to state a cognizable claim against Powel, and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

B.  **Due Process Claim**

Plaintiff argues that he was denied due process insofar as Officer Flores did not appropriately resolve his grievance, and may have allowed any appeal to sit until Plaintiff was transferred to TDCJ custody. The Fifth Circuit has made it clear that a "prisoner has a liberty interest only in 'freedoms from restraint . . . imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) and *Sandin*, 515 U.S. at 484). Plaintiff does not "have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Id.* Plaintiff's claims about Flores fail to implicated any constitutionally protect right. Such factual allegations, accepted as true, fail to state a cognizable claim against Flores, and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

C.  **Request for Injunctive Relief**

Plaintiff asserts that he is seeking injunctive relief in the form of a court order requiring that Officer Powel be sanctioned and disciplined. The court notes that Plaintiff has transferred from the Tom Green County Jail. The transfer of a prisoner out of an institution will often render his claims for injunctive relief moot. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. Tex. 2002). As Plaintiff is no longer at the jail, his allegations against Powel have been rendered moot. Therefore, Plaintiff's

claim for injunctive relief lacks an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Plaintiff also seeks an award for emotional damages. Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See* 42 U.S.C. § 1997e(e). Plaintiff's allegations, accepted as true, fail to demonstrate any injury.

### III. CONCLUSION

The court finds that Plaintiff has failed to state any cognizable constitutional claim against any Defendant or personnel of the Tom Green County Jail.

**IT IS, THEREFORE, ORDERED** that all such claim(s) against any Defendant(s) are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are denied.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se*. Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED.**

DATED this 18th day of January, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**